Good morning. My name is Seth Rafkin, and I represent the appellant, ReadyLink Healthcare, Inc. May it please the Court, the Court has noted it for the parties and asked them to be prepared to address the recent case from the United States Supreme Court, Sprint v. Jacobs, and I will start there. The Sprint case confirms that the limited circumstances in which younger abstention applies has not expanded. It confirms that the three instances in which it's been applied really haven't creeped at all. And it provides a very direct explanation of what constitutes those circumstances and what does not. And I think the facts at issue in Sprint, which is also a case arising out of an administrative action, lend themselves to a particularly apt comparison to the facts here, and I don't think it will surprise the Court that my view is the facts in this case reside further away from the categories recognized under younger abstention than did the facts in Sprint. So assume you're right. Assume that the district court should not have abstained in this case. Would you address what's happened since, what we have since the district court abstained is a state, is a California Court of Appeal decision which says that your claims are not preempted or are, I'm trying to figure out, not preempted or are preempted, but we have a decision on the very issue in front of us, the very issue you attempt to raise in the district court by the California Court of Appeal. Why isn't that issue preclusive? It's not preclusive because in order for res judicata to apply, I would say two reasons. Let's be clear about our terms here. That was a former civil prosecutor's case. The issue you tried, the issue that the California Court of Appeals decided, which was briefed to it and which the California Supreme Court denied review on, and we've seen the papers in those cases, is exactly the issue that you wanted to raise in the district court before it abstained. Yes. Why isn't that, why aren't we done? You've accurately stated what the outcome of the state court proceeding was. The problem is to have collateral estoppel issue preclusion, the claim has to have been necessarily litigated and decided, and that the claimant, us in the federal court, has to have been provided a full and fair opportunity to litigate that. Well, so let's run through those. Full and fair opportunity, you said in your briefs to the California Court of Appeal, look, you may be thinking about issue preclusion in this case. Let us demonstrate to you why there shouldn't be issue preclusion. And the other side said, let us demonstrate to you why there should. Issue preclusion is always a question of law. The California Court of Appeal, for better, you could have not raised it and said it's not in front of them. For better or worse decides this issue. It now comes back to us, we can't reverse them. There's a binding decision on this issue. So where did you not have a full and fair? I understand that it wasn't in front of the administrative agency. I understand that it wasn't in front of the superior court. But it was clearly in front of the Court of Appeal. Why wasn't that a full and fair opportunity to litigate it? Because the preemption argument that we're raising is not one where the court can simply look at the law, in this case the IRS regulations, read it, and compare it to what we say is preempted and decided. It comes under what has been recognized by the U.S. Supreme Court as an obstacle preemption, meaning does the State regulation, in this case the Commissioner's decision, erect a hurdle that deprives my client from the benefits of the safe harbor provisions under Federal law? So is it your position that's a factual question? It is. What evidence would you introduce if this were remanded to the district court to make your factual case? Correct. The evidence that would be introduced would include things like an actual looking at the evidence, how does this burden an employer? The other side would say it's no burden. Well, if you're an employer and you've got hundreds of people out in the field, and if you have to comply with the Insurance Commissioner's decision, you now have an administrative burden to collect documented expense substantiation from all of these employees. Make sure you retain that and you comply with what I think is a pretty rigorous documentation protocol set out in the Commissioner's decision. So you would look at what is that burden. And that's what the Supreme Court says we should look at in the Geyer versus American Honda case that talks about obstacle preemption. And, in fact, I may be wrong about this, but one of the cases we cite actually remands and says here are the types of evidence that we should look at. You need to get factual evidence. So additional evidence would be how does this burden an employer in a real-world sense? And, you know, I would point out the IRS regulations, the whole reason they exist is to relieve employers of exactly this kind of burden. Well, but wait a minute. The California court, I thought, had two parts to its discussion, at least in the Court of Appeal. It said, first of all, the problem with your argument is that you're comparing apples and oranges, that the IRS regulations, the IRS statutes, serve a wholly different purpose from the state regulations and statute here. And, therefore, the Commissioner's decision could not frustrate federal law or create an obstacle because we're talking about two different things. Then they went on to talk about burdensomeness. So they decided a purely legal question against you. And was the burdensomeness discussion, which you say is a fact question, even necessary once they decided that? Well, I think, I mean, certainly I would agree with you that if they were able to decide one issue that leads to the outcome, they certainly don't need to go farther. I think the problem with, and I'm familiar with the passage that you're referring to, the problem is I don't think, I think the court erred in its analysis there. I don't think preemption turns on what a court thinks Congress or a legislative body meant to address. Preemption is simply, has the federal government acted? And if it's acted and the state acts in a way that deprives citizens or companies of the benefit of the federal law, it doesn't matter what the purpose of the federal law was or the perceived purpose. You're being deprived of that benefit and it is preempted. So I don't think preemption can properly turn on a court's sense of, well, these seem to serve different purposes. That to me is irrelevant. What's relevant is you have these two, you have a state order and you have the federal regulations. If you have to comply with the state order and that deprives you of the benefit of the federal regulation, that's an obstacle. Is your argument against issue preclusion that there are really two different issues or that it's the same issue but you didn't have a full and fair opportunity to litigate it? I think it's that we didn't have a full and fair opportunity. I would like to address that because it is a, I think, somewhat complicated underlying facts here. You start with the administrative proceeding before the insurance commissioner and you know from the papers, Article 3, Section 3.5 of the California Constitution says the commissioner cannot decide preemption. Right. So you didn't have an opportunity to litigate it in the administrative hearing. That is true. And, but I think what's important in this case and what is different about this case is this is not a case like some of the others, for example, Southern Pacific, where at the outset everybody knew there was a preemption problem because they were saying the State was trying to regulate interstate rail transportation and you had the Federal Staggers Act saying we occupy that field. In this case, you had two, going into the administrative proceeding, there was no argument yet to be raised that there was preemption. But it was, you did make a similar argument in the administrative proceeding. Your argument was that the State regulation ought to be interpreted as only imposing on you the obligation of the Federal one. Right. We're saying, look, you haven't, you the State have not interpreted this guideline. Right. Here's a sensible way that it ought to be interpreted. And the State agency said, no, it's different than the Federal guideline. And then you went to superior court on a mandamus. Correct. And so that's the next stage. I don't mean to interrupt. No, but I'm just trying to figure out, when I read the papers in this case, it seems to me you raised the issue of issue preclusion. Did you not? I mean, you lost in the superior court. Yes. And then you filed for relief in the court of appeal. And in your opening brief in the court of appeal, you said, let me explain to you why you, you know, why you shouldn't, why you shouldn't find, you know, why you shouldn't find preemption here in the court of appeal. And then the other side said, let me explain to you why you should. And the court of appeal said, well, I think we should. So you having raised the issue, why did you not have a full and fair opportunity? Because, because at that stage, both at the mandamus stage and at the appellate stage in the California state proceeding, we did not have an opportunity to put forth evidence. What if you had not raised the issue of preemption? Then, and look, look, I'll be very candid. That was my decision. I said, we need to raise it, because when you read these cases, Sprint is one of them, actually. If you look, and I think it's footnote four, the court alludes to this. You're, you're, you, if you're in my shoes, you are stuck between a rock and a hard place, because if you don't raise it before the state court proceeding, then the federal court can rely on cases that can say, well, I think you could have, and because you didn't. There was quite, there might have been claim preclusion if you didn't raise it. Right. And so we, but we were very candid at every turn in this case, that when we raised it with the state court, that we said, we don't think you can decide this, because, because of this exact issue. We haven't had the, the ability to do it. We've been very clear that we think it should be properly decided. So, you know, you can say on the one hand, right, you could characterize that, well, you're trying to, you know, have your cake and eat it too. I don't think that's right. When you read these cases, I think the courts have recognized that, that when you're in my shoes, you are between a rock and a hard place, and you have an obligation on behalf of your client to raise it, because if you don't, like, like we just said, it'll become a claims preclusion. Let me, let me ask you one more question related to that area. If, if, if your argument has some purchase, should we send this case back to the district court and say, you decide whether there's issue of preclusion here? Let him, let him demonstrate what, why he didn't get a full and fair hearing in front of the court of appeal? Or should we send it to the, is it your position we should send it to the district court with, with what instructions? Yeah. I understand the question. Should, should this court say to the district court, we've decided there isn't claims or issue of preclusion. Issue of preclusion. Or should someone say to the district court, you never had an opportunity to address this given the progress of the seasons here, and we send it back to you to address it in the first instance. I will give you an unsatisfactory answer, which is it depends on what your answer would be, but. I understand if you're going to win, you don't want us to send it back. Assuming you all say, assuming you all tell me, I do think it's a matter of, I mean, and we, and we say this in the case, and I mean this seriously, I do think the correct decision is to send it back to the district court to decide the issue, because this wasn't raised before the district court. And it's not on the record before this court. And that is what, I mean, it should go back to, I think, the district court, and, and the district court judge should have the opportunity to decide that issue. If we do that, we, we, we do have to re, we do have to, there's some argument that if we reach issue of preclusion, that, that moots out the, the younger abstention question. But I guess if we're asking the district court to do something else, we need to tell the district court, assuming we feel this way, that his analysis of younger was wrong and he shouldn't have abstained. Correct. I mean, I, I do think going, going to, to the question, which is, in seriousness, is a good one, what's, what are we asking this court to do? I think it is to, to reverse the order, to vacate the order of, of finding abstention and the case goes back, no more, no less. And I don't think that, I don't think this court needs to reach anything other than that is the sole basis of. And, and then they can raise their issue of preclusion defense, which, of course, they couldn't raise the first time because there was no decision to preclude. I think that's probably right. Yeah. I would like to reserve some time for rebuttals. If the court doesn't have any other questions. This is a good time. Okay. Good morning, Your Honors. I'm Bruce Celebrezzi, the attorney for the Appellee State Compensation Insurance Fund. My co-appellee counsel for the California Insurance Commissioner also wants to address the court, so I'm going to take about ten minutes and he'll have the other five, if that's all right with the court. As Your Honors know and as is clear in the papers, this matter comes before this court on de novo review, which means this court can and should affirm the decision of dismissal from the district court on any basis that's appropriate. Did you, do you still contend that younger abstention was appropriate here? Absolutely. The, the Sprint case makes that even more clear. I think it makes it less clear, but tell me why you think it makes it more clear. Well, in the Sprint decision, at the very end of the decision, Justice Ginsburg sums it up, and she says, in short, to guide other federal courts, we today clarify and affirm that younger extends to the three exceptional circumstances identified in NOPC, but no further. And earlier on page 588, the court lists, of course, what the three exceptional circumstances are, the third one of which is, this court has extended younger abstention to particular state civil proceedings that implicate a state's interest in enforcing the orders and judgments of its courts. So let's look at. Later she says, the IUB proceeding does not resemble the state enforcement action this court has found appropriate for younger abstention. It is not akin to a criminal prosecution, citing Hoffman, nor was it initiated by the state in a sovereign capacity, citing Traynor. A private corporation, Sprint, initiated the action. That's correct, but we have a completely and utterly different factual scenario here. And, of course, she also, she did not say, the court did not say that the state must be the, the initiator. On 592, it says, in cases of this genre, a state actor is routinely a party to state proceedings and often initiates the action. Well, but let's, let's, let's break this down. ReadyLink is not a state actor, correct? Correct. State Compensation Insurance Fund is not a state actor for purposes of this case, correct? We would agree with that. All right. State of California set up a proceeding where if they have a dispute, they first have to go to an administrative agency rather than to court, and they did. It's a dispute, however, over a regulation. Well, but people have, people have disputes over statutes and regulations all the time, and sometimes a state sets up the proceeding where they go directly to court, and sometimes it sets up a proceeding where they have to go first to an administrative agency and then to court. If your position were correct, wouldn't every dispute between private parties over a statute or regulation that began in a court instead of an administrative agency be subject to younger abstention? I don't think so at all, Your Honor. And with all due respect, Your Honor, it has stopped too soon because it is correct that the initial proceeding here was an administrative law proceeding that had full discovery, a three-day hearing, a lengthy opinion from the administrative law judge that was ultimately adopted by the insurance commissioner. But what happened next? And all of this happened before this lawsuit seeking preemption was filed. So what happened next was, as Your Honor is aware from the record, Reddy Link went to the superior court and asked the superior court to order the insurance commissioner to not apply the regulation, the California insurance regulation, which he applied. So what Reddy Link did, and it admitted it. Was the commissioner a party to the superior court proceedings? Yes, Your Honor. Because it was a mandamus? Correct. That was basically what it was. Does that make it a State-initiated proceeding, or does it just make a proceeding in which a State officer is a party? It doesn't need to be a State-initiated proceeding for the very reason I just stated. Well, that's my question. Do you think that Justice Ginsburg extended Younger beyond State-initiated enforcement proceedings? I don't think it was extended. I think there are many situations in the books of many cases that find that there should be abstention when the State is involved and doesn't have to be the initiator. Many times, of course, the State is an initiator, but I think we have to assume that the Supreme Court knows how to make that a mandate rather than say off and initiates the action. They know what they're saying. But what we have here is we have once Reddy Link had the administrative procedure, it then goes into the court system, and then so three and a half years into this, nobody uttered the word for preemption for three and a half years. So I question whether they really could possibly think this is preempted when you have lawyers who for three and a half years. That's not really relevant to us. There's no statute of limitations or latches. I suppose that's correct, Your Honor. But at the time that Reddy Link filed this case in the district court, there was already a State proceeding in the court system where they had tried to get the court to instruct the insurance commissioner not to enforce the regulation. How can that be anything other than a civil proceeding initiated in the State court that implicates the State's interest in enforcing the orders and judgments of its courts? That's exactly what the Los Angeles Superior Court concluded, that the insurance commissioner, his decision needed to be enforced. And what Reddy Link was saying is, no, we want to interfere with that. In the motion to dismiss that we filed and the insurance commissioner also filed one at the district court here. Of course, Reddy Link opposed it, and this is in the record. It's State Fund Excerpts of Records 22 and 23 and 23 and 24. We just cited a page of their brief, but obviously the whole brief is in the record. Reddy Link, and I'm quoting them, we want to enjoin, they used the word enjoin. What Reddy Link is seeking in the district court here was to enjoin the insurance commissioner from enforcing the regulation, the California regulation, the USRP that's in the California Code of Regulations. How is that not interfering with the State court's ability to enforce its orders and judgments? It is one of the three exceptions that Justice Ginsburg just three months ago, speaking on behalf of the unanimous Supreme Court, stated still applied. So what State court order or judgment is this interfering with? Superior court's order or judgment? Well, now as Your Honor has pointed out. No, but at the time that the district court abstained. Correct. What judgment would he have been interfering with had he exercised jurisdiction? It would have been the judgment of the Los Angeles Superior Court denying the writ of mandamus. In other words, authorizing the insurance commissioner to proceed to enforce the statute. I mean, the regulation, the impact of which was to recognize this per diem program for what it was, a scheme to avoid paying payroll and paying insurance premiums under the no-fault workers' compensation system. So they lost in superior court and immediately took an appeal and then at the same time went to federal court for declaratory judgment or an injunction or vote? They really just, I don't recall, Your Honor, whether it was a declaratory judgment or not, but it was claiming that the State court proceeding was preempted and then there were some other ancillary causes of action. You said something about they were seeking to enjoin the insurance commissioner when they came in. That was in their opposition to our motion to dismiss the federal district court case. And they used the word enjoin. That's not my word. And the mandamus, in your view, the mandamus petition to the superior court was, in effect, a petition for injunction? That's why I'm finding it hard to. Mandamus is normally not a petition for an injunction. It's a petition to, in California, to undo an administrative action, right? No, I'm saying exactly the opposite, that they are, that they, the State court, through its procedure, it went through the administrative procedure, then it went into the court system. Right. And what the court system did was issue an order. And they did not like. And so then they filed this case. The purpose of this case was to enjoin the State court from enforcing its own order, which is precisely the third prong that Justice Ginsburg has allowed. But I'm trying to focus on the order that the State court issued, that the superior court issued. I think what it issued is your petition for writ of mandamus is denied. Correct. The impact of which is that the insurance commissioner's decision that State funds decision was correct should be enforced. Is this discretionary review or mandatory review by the superior court? I don't know the answer to that, Your Honor. In other words, could the superior court turn down the petition of mandamus simply on discretionary grounds as opposed to, or must it hear the case? I just don't know the answer to that, Your Honor. All we know is that they heard the case. Just as the Court of Appeal heard the case, and the Supreme Court declined to hear the case, and no appeal was taken or no petition for writ of certiorari was filed to the U.S. Supreme Court. So I think that the Younger Doctrine absolutely applies. But we have the very problem, Judge Horwitz, that you pointed out, is that we already have the issue. There's nothing, even if abstention didn't apply, there's really nothing left for Your Honors to review because the very preemption issue that ReadyLink wishes to assert in this case has already been litigated to conclusion through the entire California State system. I don't know if you want to address this or you want your co-counsel to address it, but I'd like somebody to address their contention that because they're making an obstacle preemption claim, they were entitled to put on evidence. Well, I think that's my obligation to respond to that, Your Honor. And it's a legal question. There is no evidence to put on. And they did put on evidence of their burden, and that, as Judge Friedman pointed out, was not accepted by the Court of Appeal. There was evidence that they presented. So either preemption, either the Internal Revenue Code as a matter of law is meant to preempt the state workers' compensation premium-setting system or it's not. That is a legal question, and I do need to allow my colleague to speak, Your Honors. Thank you. Thank you. Good morning, Your Honors. Brian Wesley, Deputy Attorney General on behalf of the Insurance Commissioner of the State of California. May it please the Court. I guess the first issue that I want to address is whether or not this mandamus was mandatory. In the State of California, the Superior Court had an obligation to hear the petition of ReadyLink. That's what I thought. This is mandatory administrative review. Yes. The title is a matter of right to get administrative review. Correct, Your Honors. There's a whole process here where ReadyLink and SCIF had a state compensation insurance fund had a dispute. It's just called mandamus. It could have been called administrative appeal. Exactly. So they went through the process with the administrative law judge, and at that time, ReadyLink on its own requested that the administrative law judge look at the CONUS regulations and determine if that guided the Department of Insurance on its application of the Uniform Statistical Reporting Plan. The CONUS regulations are the federal IRS. Yes, the CONUS regulations are federal IRS regulations. But they were making not a preemption argument at that point, but rather you should interpret the state regs as coextensive with the federal ones. Exactly. So the administrative law judge did a thorough analysis of the CONUS regulations, and she determined that the CONUS regulations did provide guidance, and she used those to help her interpret whether or not the reasonableness standard in the USRP allowed for the kind of application of the CONUS regulations that ReadyLink was promoting, which is we don't have to provide any justification for our expenses. Well, the administrative law judge said, no, you do have to provide justification under the USRP, which is state law, and also under the CONUS regulations. Although the CONUS regulations were not in front of her, she found that the CONUS regulations were not complied with by ReadyLink. ReadyLink had mischaracterized the income from their nurses as per diem as a way to reduce the amount of premiums they had to pay to ReadyLink. Once that decision was made, ReadyLink filed their writ of mandamus in the Superior Court. In the Superior Court, they also lost. And in that case, the Superior Court judge also found that the CONUS regulations, in part, were not complied with by ReadyLink. So we had a judgment from a Superior Court on the issue of what is reasonable compensation under the Uniform Statistical Reporting Plan. So then, once ReadyLink lost, they went ahead and filed a notice of appeal. Subsequent to the filing of the notice of appeal, they tried to run into and circumvent the process of the state of California by going into federal court. And as my counsel had argued already, and I think this is correct, this is exactly the kind of situation that gives rise to a federalism issue in Comity. Because we're not in the first two areas where we're dealing with a criminal statute or quasi-criminal application. We're dealing with an area where we have the judicial function of the state of California at issue. And because that's at issue, that's a very important aspect of federalism that we need to protect. But that leads me to the question that your opponent raised. Let's assume that the petitioner in this case or the appellant in this case really believes there's federal preemption. You can't raise that in front of the agency because the agency can't do constitutional questions. You can't raise it in the mandamus because the mandamus is a review of the agency action. Where does he get to raise it? For the first time to the court of appeal? Or when they did their sidestep, they were raising an issue that they hadn't been able to raise up to that point. So would you address that? Well, yes. Actually, the court of appeal in the state of California did address that issue. I know they addressed it, but were they required to raise it in the court of appeal? Yes. Why? Because if they had not raised it in the court of appeal, then I think that the Supreme Court could not have granted review on that issue. But couldn't they just save the issue and go to federal court with it? They could have. They could have saved the issue, but they didn't do that. They raised it themselves in the court of appeal. And there was a decision on the merits as to whether or not preemption applied to the case. And here's my difficulty, so bear with me for a second. At the time that they went to federal court, what they were raising an issue of preclusion claim that they had not yet been able to raise in the state proceeding. A preemption claim. I'm sorry. A preemption claim that they had not yet been able to raise in the state proceeding, right? Correct. They thereafter raised it in the state proceeding. So how can raising something that you couldn't raise in the state proceeding up to that point, how can that interfere with the state proceeding? Well, it interferes with the state proceeding because it, again, your Honor, I want to backtrack a little bit here. Sure. Go ahead and finish on this. Yeah, please. The main issue here is that in the superior court under state law, they could have raised it. They could have raised it. Yeah, because it's a legal issue. And, again, this goes to the facial attack that they're trying to attack the USRP with the application of the CONUS regulations. They could have raised the issue of preemption, I believe, in the state court. In the mandamus. In the mandamus action, because that is a legal issue that the superior court could have handled. And they raised it somewhat. They didn't fully brief it because they did say the CONUS regulations should apply. But then they did a full briefing in the court of appeal. Right. When we say that. Do you think that preemption is always a straight legal issue and there's never any factual development that needs to take place? Yes, Your Honor. I think that there's, when you look at this type of case where there's a facial attack, this is not an as-applied attack. This is a facial attack to the application of a federal regulation over a state law. And, in particular, we have the McCarran-Ferguson Act, again, that says that insurance law is determined by the states. So the CONUS regulations do not directly impact insurance law. They deal with a whole host of areas. Payroll tax, income tax, Social Security. That's what that area deals with. Okay. And that's not directly related to workers' compensation law. So, again, this is apples and oranges thing. It's a red herring argument. The CONUS regulations. You have all kinds of food. Yeah. Bananas and grapes. Okay. There's two different areas of law. And I think that the CONUS regulations, again, they have no application to the determination of a state law issue. I've given you a couple extra minutes, but it was prompted by our questions, so I thank you. I thank you, Your Honor. Why don't we – how much did he have saved some time for rebuttal? Why don't we give him – I think two minutes would be enough. Let me address the younger issue, because what they're doing now is they're saying this actually goes into the third category recognized, which is when it interferes with, as they're saying it, getting orders, right, interfering with the enforcement of an order from the state court. That is not what the third category is. The third category, and it's made very clear in Sprint, it deals with when what's being challenged is the process, the state process by which the orders are obtained. In this case, we are not challenging the department's ability to hold a hearing. Justice Ginberg cites to the Pennzoil case and the Jugis case, and those are cases where, at least in the Pennzoil case, if I'm remembering correctly, the challenge was to the very process of holding bail, of having the process by which the criminal courts can have bail requirements. The other case that has come up in this area dealt with the court's contempt powers. It goes to – to fall into that category, you have to be attacking the process by which the order is obtained. Otherwise, you open the floodgates, because every order then would be basis for younger abstention. The other thing I want to really set straight is they're saying – they want to characterize my argument. I understand. They want to say what I'm asking for is facial preemption, but I'm not. It's obstacle preemption. Here's what the Eleventh Circuit said when it remanded on this issue. It said, on remand, the district court should permit further development of the factual record and make findings that include the following matters. A, are both of the state requirements at issue regulations that are related to a price, route, or service within the meaning of the relevant statute? What facts support this determination? How do the regulations impact motor carriers? Do the safety concerns expressed in the state regulations at issue relate to the safety of the manufactured home after it's delivered? What facts support this conclusion? What are the articulated safety concerns? It's remanding for further factual development under obstacle preemption, because obstacle preemption demands, and my client is entitled to present evidence on that issue. It has had no opportunity, whether at the administrative level before a body that can't decide the issue, at the mandamus level, because all the court is doing in mandamus is saying, did the commissioner do it right under his limited scope? And at the appellate court, it's the same thing. My client has a right to be in federal court and have this issue heard and put forth the facts, and if it loses after it's had an evidentiary hearing, it loses. But we haven't had that opportunity yet. The district court erred in applying younger abstention, and rest judicata or claims preclusion, collateral estoppel, sorry, issue preclusion, does not apply. You'll throw them all out there, and one of them will stick. It does not apply here because it can't apply if you haven't had the chance to put on evidence. Thank you very much. I thank both sides for their briefs and arguments. The case will be submitted.
judges: Friedman, Farris, Hurwitz